**The CITY OF AURORA, State of Colorado, Petitioner,**

**v.**

**John McINTYRE, Respondent.**

**No. 85SC219.**

Supreme Court of Colorado,
En Banc.

June 9, 1986.

---

Patrick Kowaleski, Norman B. Beecher, Aurora, for petitioner.

No appearance for respondent.

VOLLACK, Justice.

The respondent appealed from an adverse decision of the Aurora Municipal Court, which found him guilty of speeding based on evidence derived from a radar device. The Arapahoe County District Court reversed the conviction on the basis that the tuning fork used to calibrate the radar device had not been recertified within one year prior to its use. We granted certiorari to determine whether the district court erred in holding that the certification of a tuning fork must take place before it is used to test a radar device. We reverse and remand to the district court with directions to reinstate the conviction against the defendant.

Here, the district court ruled that the one year recertification period is prospective and not retrospective. The district court concluded the use of the single, uncalibrated tuning fork provided a legally insufficient foundation to support the reading on the radar device and ordered that the case be dismissed.

 In this case, we address the issue of whether a single tuning fork, which has been previously certified, must be recertified within one year prior to its use to calibrate a radar device or within one year after its use to calibrate a radar device. Here, the arresting officer testified he had used a single tuning fork to test the radar device prior to its use on the day the offense took place. The tuning fork had been previously certified and was recertified as accurate approximately three and one-half months later. The district court held that the recertification of the tuning fork must precede the testing of the radar device. We conclude that the recertification of the tuning fork may either precede the testing of the radar device or occur subsequent to the testing of the radar device.

In *People v. Walker*, 610 P.2d 496 (Colo. 1980), we set forth what is required to provide a legally sufficient foundation to support a conviction based on the use of a radar device. We concluded that where a single tuning fork test is used to calibrate a radar device, the tuning fork must be recertified as accurate within one year of the test. Upon such a showing, the trial court may admit the proffered radar evidence. *Walker*, 610 P.2d at 500. Another method is to require that each radar device

be field tested with two or more tuning forks, each set at a different speed. Such a foundation insures the accuracy of the radar device over a range of speeds, and each separate test serves to corroborate the results of the other. *Id.*

■ The reliability of a radar device must be established by a proper foundation to insure that the device is accurate. We required that a tuning fork used to calibrate the radar device be certified within one year to insure the accuracy of the device. Where there is no evidence to show that the single tuning fork is accurate, its use may only mask the fact that the radar device itself is inaccurate. *Walker*, 610 P.2d at 499. Some minimum foundation is required to insure that the persuasive force of scientific results is based upon the use of a properly calibrated radar device. *Id.* at 500.

■ A tuning fork must initially be certified as accurate before its initial use. The fact that a tuning fork is certified after it is used to calibrate a radar device does not significantly erode the evidentiary foundation of the accuracy of the radar device if the tuning fork still meets the applicable standards. A tuning fork may lose its accuracy through age or damage, *People v. Walker*, 610 P.2d at 499, and if the tuning fork is tested as working properly after one year, then it is proper to conclude that the calibrations of the radar device performed within that one year period are accurate. We hold that the "within one year" language in *People v. Walker* means that the recertification of the tuning fork must occur either within one year before or one year after the radar device is tested.

We conclude that the district court erred in holding that the recertification of the tuning fork must precede the testing of the radar device. Accordingly, we reverse and remand to the district court with directions to reinstate the judgment of conviction against the defendant.